## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN VENDING GROUP, INC.<br><br>Plaintiff<br><br>v.<br><br>U. S. GOVERNMENT<br><br>Defendant | No. 8.07-cv-2277-AW |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, American Vending Group, Inc. ("American"), moves this Court to deny Defendant's Motion for Summary Judgment on the basis that there is a material fact in dispute. Plaintiff, American, concedes that it inadvertently did not file its 1998 Transmittal of Wages and Tax Statement, IRC Form W-3 and the two Wage and Tax Statements, IRC Form W-2, with the Social Security Administration

Defendant, states that American acted with "intentional disregard" of the filing requirements in failing to file its file its 1998 Transmittal of Wages and Tax Statement, IRC Form W-3 and the two Wage and Tax Statements, IRC Form W-2, with the Social Security Administration due to lack of knowledge of such regulations.

Therefore, there is a material fact in dispute which is whether Plaintiff in failing to file its 1998 Transmittal of Wages and Tax Statement, IRC Form W-3 and the two Wage and Tax Statements, IRC Form W-2, with the Social Security Administration acted inadvertently or acted with intentional disregard of the filing requirements.

Memorandum of points and authority in support of this motion and a proposed order are also submitted.

Date: May 19, 2008

Respectfully Submitted

/s/ Edward A. Blick
Edward A. Blick, #28459
Attorney for the Plaintiff
619 Blick Drive
Silver Spring, Maryland 20904
(301) 622-0745/Fax (301) 622-4448
blickea1@aol

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN VENDING GROUP, INC. | |
| Plaintiff | |
| v. | No. 8.07-cv-2277-AW |
| U. S. GOVERNMENT | |
| Defendant | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### STATEMENT OF FACTS

1. The business purpose of American is to provide and service vending machines located in local office buildings. (Blick Afft. ¶ 2.)

2. Mr. John S. Blick is the sole owner and general manager of American.

3. Prior to incorporation, the business was operated as a sole proprietorship. (Blick Afft. ¶ 1.) There were no employees. Mr. Blick performed all the functions of providing and servicing the vending machines. (Blick Afft. ¶ 5.) By 1998, the business had expanded to the point that Mr. Blick could not service the vending machines by himself.

4. In 1998, the business was incorporated in the State of Maryland as American Vending Group, Inc. ("American") and started operating as a corporation in 1998. (Blick Afft. ¶ 6.)

5. In mid 1998, American hired two employees to service approximately 65 vending machines that were located in Montgomery and Prince George's Counties. (Blick Afft. ¶ 12.)

6. Mr. Blick had no experience in the accounting and local, state, and federal licensing, tax and other requirements of operating a business. (Blick Afft. ¶ 8.)

7. Therefore, for the purpose of performing the bookkeeping and employment tax function of American, a part-time bookkeeper was hired. (Blick Afft. ¶ 10.)

8. In early 1999, the bookkeeper prepared and forwarded to American its 1998 employment forms, the Wages and Tax Statements, IRS Forms W-2, for the two employees and the Transmittal of Wages and Tax Statement, IRC Form W-3. (Blick Afft. ¶ 11.)

9. Upon receipt of the forms from the bookkeeper, American gave its two employees their 1998 Wages and Tax Statements, IRS Forms W-2. American stated 1998 was the first year it had employees. (Blick Afft. ¶ 13.)

10. American stated it had no knowledge of its responsibility to file the Transmittal of Wages and Tax Statement, IRC Form W-3 with the Social Security Administration and it has no record that such a filing was made. (Blick Afft. ¶ 15.)

11. American's place of business was relocated five times since incorporated in 1998 and many records were either discarded or lost in the moves. (Blick Afft. ¶ 18 & 19.)

12. American is no longer in possession of copies of the W-2s and W-3 prepared by the bookkeeper in 1998. (Blick Afft. ¶ 20.)

13. American was not contacted about this matter by either the IRS or the Social Security Administration until December 3, 2001. (Blick Afft. ¶ 21.)

14. At that time, IRS sent American a Notice of Penalty Charge, assessing the penalty for intentionally disregarding the W-2 filing requirements in the amount of $3,114.53. (Ex. 201).

15. Subsequently, American received notices concerning this matter on July 26, 2002, December 27, 2002, July 27, 2005, December 26, 2005 and February 4, 2006.[1] (Ex. 202-206.)

16. American responded to each notice requesting an explanation of the assessed penalty. (Ex. 207-209). The IRS did not respond to American's inquires.[2]

In an effort to resolve this matter, American visited the IRS customer service office in Baltimore, Maryland and spoke to customer service representative, "Michael", #52-06650 regarding IRS's determination that American intentionally disregarded its filing requirements.[3]. ( Ex. 210).  Michael suggested American forwarded a letter to Automatic Collection Service requesting how the IRS arrived at the amount of the penalty.

17. On November 18, 2005, American forwarded a letter to Automatic Collection Service as instructed by Michael. (Ex. 211).  Automatic Collection Service did not respond.

---

[1] The notice of December 26, 2005 and February 4, 2006 were received during the Taxpayer Advocate process and were not responded to but were discussed with the case advocate.
[2] During this time, there was some confusion concerning American's 1998 Corporation tax return and the W-2 penalty. See Exhibit 2.  IRS eventually accepted American's 1998 Corporation tax return as filed and applied the overpayment to the assessed 1998 W-2 penalty. See Exhibit 3.
[3] See exhibit 7 for the IRS service representative name.

18. Due to the lack of responsiveness and cooperation on the part of IRS, in a further effort to resolve this matter, on February 9, 2006, American contacted the Taxpayer Advocate Service. (Ex. 212.) American requested the Taxpayers Advocate Service to provide: 1-Copies of the transcripts of American's penalty account; 2-A calculation of the penalty; 3-The basis for the determination that American had "intentionally disregarded" the filing requirements. (Ex. 213).. The Taxpayer Advocate Service was unwilling or unable to respond to American's inquiry of what facts and circumstances of American were considered by the IRS to determine that American had "intentionally disregarded" the filing requirements. In September 2006, in a telephone conversation with the case advocate, American was told to go to court in order to obtain a resolution of this matter. (Ex. 214-215.)

19. In September 2006, without notice, IRS' collection division satisfied the penalty by seizing funds from American's bank account.

20. On October 3, 2006, American filed a claim for refund of the amount seized by the IRS. (Ex. 216). IRS did not act on the claim within six months of the date of filing the claim. 26 U.S.C. § 6532(a)(1) provides that a claim is considered denied if IRS failed to act on the claim for a refund within six months of the date of filing.

21. In August 2007, American filed a complaint in the U.S. District Court of Maryland seeking a refund of the funds seized as provided by 28 U.C.S. § 1346(a)(1) that provides that the District Court have jurisdiction in a civil action against United States to recover any penalty alleged to have been excessive.

Discovery will close on May 19, 2008. American has fully responded or objected to all discovery requests.

ARGUMENTS

1.  Summary Judgment Is Not Appropriate

The standard to be applied in deciding a motion of summary judgment is set forth
in Rule 56 of the Federal Rule of Civil Procedure, which provides in pertinent part as
follows that summary judgment is appropriate only "if the pleadings, depositions,
answers to interrogatories, and admissions of file, together with the affidavits, if any,
show that there is no genuine issue as to any material fact and that the moving party is
entitled to judgment as to a matter of law". Fed R. Civ. P. 56 (c ); Cetotex Corp. v.
Catrett, 477 U.S. 317 at 322 (1986). Summary Judgment is proper if, under
governing laws, there is only one reasonable conclusion as to the verdict; if
reasonable finder of facts could resolve a factual issue in favor of either party,
summary judgment should not be grants. Anderson v. Liberty Lobby, Inc., 477 U.S.
242 at 249 (1986).

The movant on a summary judgment bears the initial burden of providing the
court with a legal basis for its motion and identifying those portion of the record
which is alleges demonstrate the absence of a genuine issue of material fact. Celotex,
477 U.S. at 323. The burden then shifts to the party opposing the motion to present
affirmative evidence in order to defeat a properly supported motion for summary
judgment. Anderson, 477 U.S. at 257.  All evidence and inferences drawn from the
evidence must be viewed in the light favorable to the party resisting the motion for
summary judgment. Hibernia Nat'l Bank v. Carnet, 997 F.2d 94 at 97 (5th Cir. 1993).

When defendant moves for summary judgment, it must affirmatively demonstrate
that there is no genuine issue of material fact as to each element of the cause of

action. If plaintiff, as the non-movant, cannot prove some evidence to show a genuine issue of fact, summary judgment is appropriate. <u>Stahl v. Novartis Pharmaceuticals Corp.</u>, 283 F.3d 254 at 263 (5th Cir), <u>cert denied</u> 536 U.S. 84. Summary judgment may not be granted unless the court determines that there are no genuine issues of material facts in dispute and that the moving party is entitled to judgment as a matter of law. See <u>Fed. R. Civ. P. 56(c)</u>; <u>Anderson</u>, 477 U.S. at 247-248 (1986); <u>Matsusjita Electric Industrial Co, v. Zenith Radio Corp.</u>, 475 U.S. 574 at 586 (1986).

In the instant case, the material fact in dispute is whether American acted with intentional disregard of its information return filing requirements, as Defendant argues or whether American acted inadvertently in failure to file its information return, as Plaintiff argues. Defendant argues that American intentionally disregarded the information filing requirements by not filing its 1998 Transmittal Wages and Tax Statements, IRC Form W-3 and two Wage and Tax Statements with the Social Security Administration. American argues that they prepared and provided to its employees the Wage and Tax Statements but mistakenly did not file its 1998 Transmittal Wages and Tax Statements, IRC Form W-3 and two Wage and Tax Statements with the Social Security Administration due to lack of knowledge of such requirements.

## 2. Relevant Statute

26 U.S.C. § 6721(a)(1) provides,

(a) Imposition of penalty (1) In general In the case of a failure described in paragraph (2) by any person with respect to an information return, such person shall

pay a penalty of $50 for each return with respect to which such a failure occurs, but the total amount imposed on such person for all such failures during any calendar year shall not exceed $250,000. (2) Failures subject to penalty For purposes of paragraph (1), the failures described in this paragraph are - (A) any failure to file an information return with the Secretary on or before the required filing date,  a party that fails to file an information return shall pay a penalty of $50 for each return with respect to which such failure occurred.  In the present case, the penalty for tax year 1998 under 26 U.S.C. § 6721(a)(1) would be $100.00.

   26 U.S.C. § 6721(e) provides

   (e) Penalty in case of intentional disregard If 1 or more failures described in subsection (a)(2) are due to intentional disregard of the filing requirement (or the correct information reporting requirement), then, with respect to each such failure - (1) subsections (b), (c), and (d) shall not apply, (2) the penalty imposed under subsection (a) shall be $100, or, if greater - (A) in the case of a return other than a return required under section 6045(a), 6041A(b), 6050H, 6050I, 6050J, 6050K, or 6050L, 10 percent of the aggregate amount of the items required to be reported correctly, (B) in the case of a return required to be filed by section 6045(a), 6050K, or 6050L, 5 percent of the aggregate amount of the items required to be reported correctly, or (C) in the case of a return required to be filed under section 6050I that if a party's failure to file an information return is due to intentional disregard of the filing requirements, then the penalty is enhanced from $50.00 for each return with respect to which such failure occurred to 10% of the total wagers reported for the tax year.  In the present case, the penalty would be $3,114.55.

3. <u>Defendant is not Entitled to Judgment as a Matter of Law</u>

Defendant assessed Plaintiff a penalty in the amount of $3,114.55 plus interest alleging that Plaintiff's failure to file its 1998 Transmittal Wages and Tax Statements, IRC Form W-3 and two Wage and Tax Statements with the Social Security Administration was due to intentional disregard of the filing requirements. (Ex. 217.)

Plaintiff challenges that penalty, asserting that failure was done inadvertently, rather then purposefully.  To support its position, Plaintiff relies on cases where the courts considering this civil penalty provision in the 26 U.S.C. § 6721(e) in the tax code that requires a showing of willfulness.  The courts defined willfulness in terms of "voluntary, conscious, and intentional" conduct.

An IRS' assessment is presumed correct so long as it is not arbitrary. <u>Dellacrose v. Commissioner,</u> 83 T.C. 269 (1984).  The burden of proof is solely on a taxpayer who challenges a penalty assessment under 26 U.S.C. § 6721(e)(2)(c ). <u>Marcello v. Commissioner,</u> 380 F.2d 499 at 506 (5th Cir. 1967);  <u>DeGuerin v. United States,</u> 214 F. Supp. 2d 726 at 733-34 (S.D. Tex. 2002).  Therefore, the burden is on Plaintiff to show lack of intentional disregard.

Defendant determined that Plaintiff intentionally disregarded its information returns filing requirement, therefore triggering the penalty for willful noncompliance.  26 U.S.C. § 6721(e)(2)(c ) does not define "intentional disregard" however the regulations promulgated thereunder state that "[a] failure is due to intentional disregard if it is knowing and willful---(i)[f]ailure to file timely, or (ii)[f]ailure to include correct information."  26 C.F.R. § 301.6721-1(f)(2).  Whether

such a failure is knowingly and willful "is determined on the basis of all the facts and circumstances in the particular case." 26 C.F.R. § 301.6721-1(f)(2)(ii).   The factors identified in the Treasury Regulations define "international disregard" as a voluntary, rather than mistake in the failure to comply with the statutory filing requirement. Deguerin 214 F. Supp. at 738-39. The Second Circuit, which is the only federal appeals court to address the issue directly, agrees with the regulation interpretation of the statute. Tysinger Moyor Co. v. United State, 428 F. Supp. 2d 480 at 484 (E.D.Va. 2006).  In Gerald B. Lefcourt v. United States 125 F.3d 79 (2d Cir 1997) the Court stated:

"[S]ection 6721 does not use the term "willful; it uses the term "intentional disregard". But 26 C.F.R. § 301.6721-1(f)(2)(ii) defines "intentional disregard" as synonymous with "willfulness". Thus in our view, the "intentional disregard" set forth in §6721's penalty provisions means conduct that is willful, a term which in the context requires only that a party act voluntarily in withholding requested information, rather than accidentally or unconsciously."

Applying the regulatory and case law definitions set forth above, the Plaintiff has carried its burden of proving that it did not intentionally disregard its obligation to file its 1998 Transmittal Wages and Tax Statements, IRC Form W-3 and two Wage and Tax Statements with the Social Security Administration.  In the five years Plaintiff has attempted to resolve this matter, neither the IRS Service Center, who assessed the penalty, nor the IRS Automatic Collection Center, nor the IRS local Service Center nor the Taxpayer Advocate Service offered any proof that Plaintiff made a conscious decision or acted willfully and

voluntary in failing filing 1998 Transmittal Wages and Tax Statements, IRC Form W-3 and two Wage and Tax Statements with the Social Security Administration. Plaintiff had nothing to gain in not timely filing the 1998 Transmittal Wages and Tax Statements, IRC Form W-3 and two Wage and Tax Statements with the Social Security Administration. All the employment tax had been paid. The IRS had the money.(Ex. 218.).

Plaintiff desire to comply with the law is demonstrated by is efforts to timely file all employment tax returns and timely pay the tax for all the subsequent quarters and years, for ten years, the entire time Plaintiff was in the vending machine business. Plaintiff's failure to file its 1998 Transmittal Wages and Tax Statements, IRC Form W-3 and two Wage and Tax Statements with the Social Security Administration was an isolated incident, the action of an uninformed and first time filer.

The IRS, when requested, failed to produce any evidence from which this Court could infer any type of pattern of conduct that would indicate that Plaintiff intentionally disregarded its obligation or had any prior instance of noncompliance in filing information returns. In recommending the maximum fine in is case, defendant considers any failure to file automatically willful. Such approach should be impermissible since it  changes an intent based statute to one of strict liability. Because this is contrary to the plain language of the statute, Defendants reasoning is flawed.

## CONCLUSION

Plaintiff has earned its day in court.  Witness testimony, documentary evidence and legal basis strongly support its claim that its failure was not due to international disregard of the statute to timely file correct information returns but due to the inexperience and lack of knowledge of an unsophisticated business person.  Based on the authorities discussed above the Government's motion for summary judgment should be denied.

Respectfully Submitted

/s/ Edward A. Blick
Edward A. Blick, #28459
Attorney for the Plaintiff
619 Blick Drive
Silver Spring, Maryland 20904
(301) 622-0745/Fax (301) 622-4448
blickea1@aol

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| AMERICAN VENDING GROUP, INC.<br><br>     Plaintiff<br><br>    v.<br><br>U. S. GOVERNMENT<br><br>     Defendant | No. 8.07-cv-2277-AW |

## ORDER

Upon consideration of the motions, arguments, briefs, and applicable law, it is hereby:

ORDERED that the United States' motion for summary judgment is DENIED.

_____
UNITED STATES DISTRICT COURT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| AMERICAN VENDING GROUP, INC. | |
| Plaintiff | |
| v. | No. 8.07-cv-2277-AW |
| U. S. GOVERNMENT | |
| Defendant | |

## DECLARATION OF EDWARD A. BLICK

I, Edward a, Blick, states as follows:

1. I am the attorney for Plaintiff, the American Vending Group, Inc.

2. As the attorney for Plaintiff, I have the Plaintiff's legal file and all discovery material generated in this case.

3. This legal file contains defendant's response to Plaintiff's requests for documents, admissions and interrogatories.  A true and correct copy of these responses is attached as Exhibit 219.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: May 19, 2008

Respectfully Submitted

/s/ Edward A. Blick
Edward A. Blick, #28459
Attorney for the Plaintiff
619 Blick Drive
Silver Spring, Maryland 20904
(301) 622-0745/Fax (301) 622-4448
blickea1@aol

**CIVIL ACTION NO. 8:07-cv-2277-AW**

## CERTIFICATE OF SERVICE

**By U.S. Mail (Postage Paid) and electronically**

Docket Clerk
United States District Court
For the District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Ari D. Kunofsky
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D. C. 20044

I hereby certify that on May 19, 2008
these documents were caused to be served on
the above-named parties at the address
listed and by the means stated.

/s/ Edward A. Blick
Edward A. Blick, Esq.

522091304 YL 13  199812 670       5201          TR          28354-717-52243-1       30519 21!
     200147 R20866                                                        SB

**Department of the Treasury**
**Internal Revenue Service**

PHILADELPHIA  PA   19255

Date of this notice:        DEC.  3, 2001
Taxpayer Identifying Number      52-2091304
Form:   CVL PEN     Tax Period:  DEC. 31, 1998

For assistance you may
call us at:

1-800-829-1040

ı.ıllıı..ıllı..ıllıl.ıl.ı....ılılı.ıl.ı....ıl..ıllıl

AMERICAN VENDING GROUP INC
6701 DEMOCRACY BLVD 555
BETHESDA  MD   20817-7519307

NOTICE OF PENALTY CHARGE                              549

     YOU HAVE BEEN CHARGED A PENALTY UNDER SECTION 6721 OF THE INTERNAL REVENUE CODE
FOR THE FOLLOWING REASON:
FAILURE TO FILE FORMS W-2.

                          TAX STATEMENT

     PRIOR BALANCE                                    *.00
     PENALTY ASSESSMENT                           3,114.53
     INTEREST CHARGED                                  .00
     OTHER CHARGES                                     .00

     BALANCE DUE                                 *3,114.53

A PENALTY WAS BEEN CHARGED FOR EACH FORM W-2 THAT WAS NOT FILED AS REQUIRED
BY SECTION 6051 OF THE INTERNAL REVENUE CODE.  OUR RECORDS INDICATE THAT
BOTH THE SOCIAL SECURITY ADMINISTRATION AND THE INTERNAL REVENUE SERVICE
HAVE BEEN IN CONTACT WITH YOU TO ATTEMPT TO SECURE THESE FORMS W-2.

THE PENALTY FOR INTENTIONAL DISREGARD OF THE FILING REQUIREMENTS IS THE GREATER
OF *100 PER REQUIRED RETURN OR 10 PERCENT OF THE AGGREGATE AMOUNT OF ITEMS
REQUIRED TO BE REPORTED.  IF YOU HAVE NOT FILED FORMS W-2 FOR THE PERIOD
REQUESTED, PLEASE SUBMIT THEM TO IRS (NOT THE SOCIAL SECURITY ADMINISTRATION)
AT THE ADDRESS SHOWN ABOVE WITHIN 10 DAYS OF THE DATE OF THIS NOTICE.  THE
APPLICABLE PORTION OF THE PENALTY WILL BE ABATED FOR FORMS W-2 THAT YOU SUBMIT.

IF YOU BELIEVE YOU HAVE REASONABLE CAUSE WHY WE SHOULDN'T CHARGE THESE PENALTIES,
YOU MAY SEND US AN EXPLANATION AND ASK US TO REMOVE OR REDUCE ANY OF THE
PENALTIES WE HAVE CHARGED.  SEND US A SPECIFIC EXPLANATION FOR EACH PENALTY
YOU WISH US TO REMOVE OR REDUCE BY DEC. 24, 2001.  PLEASE INCLUDE ANY DOCUMENTS
THAT WILL SUPPORT YOUR POSITION.  IF YOU AGREE WITH THE PENALTY, PLEASE SEND THE
AMOUNT DUE NOW.  WE HAVE ENCLOSED AN ENVELOPE FOR YOUR CONVENIENCE.

RETURN THIS PART TO US WITH YOUR CHECK OR INQUIRY
YOUR TELEPHONE NUMBER      BEST TIME TO CALL
(   )      -

                              AMOUNT YOU OWE..................*3,114.53

     549

          ı.ıllıı..ıllı..ıllıllı.ıl....ılıl.ıl.ıllıl....ıl.ı..ıllıl

200147

215                       28354-717-52243-1

          INTERNAL REVENUE SERVICE
          PHILADELPHIA  PA   19255



                              AMERICAN VENDING GROUP INC.
                              6701 DEMOCRACY BLVD 555
                              BETHESDA  MD   20817-7519307

     522091304 YL AMER 13 2 199812 670 00000311453



Department of the Treasury
Internal Revenue Service

PHILADELPHIA, PA   19255

In reply refer to:   0565301666
July 26, 2002   LTR 282C
52-2091304   199812 02 000   1
                                    00170

AMERICAN VENDING GROUP INC
% EDWARD A BLICK
619 BLICK DR
SILVERSPRING   MD   20904

      Taxpayer Identification Number:   52-2091304
                      Tax Period:   Dec. 31, 1998
                            Form:   1120

Dear Taxpayer:

We made a thorough search but are unable to locate the tax return,
Form 1120, you filed for tax period Dec. 31, 1998.

Please file another return(s) and attach copies of your Form(s) W-2
(Wage and Tax Statement) and any other schedules or documents included
with your original return(s).  Sign and date the return(s).  If you
are filing jointly with your spouse, he or she must also sign.  If you
paid tax with the original return(s) you filed, please include copies
of both sides of your canceled check(s).  If you didn't pay tax at
that time and tax is still due, please include your payment.

You have credits totaling $4,500.00 on this account.

If you have any questions, please call R. Radzikowski at
215-516-2005 between the hours of 8:00 AM and
2:30 PM.  If the number is outside your local calling area,
there will be a long-distance charge to you.

If you prefer, you may write to us at the address shown at the top
of the first page of this letter.

Whenever you write, please include this letter and, in the spaces
below, give us your telephone number with the hours we can reach you.
Keep a copy of this letter for your records.

Telephone Number (      )_____   Hours _____



SB N

Department of the Treasury
Internal Revenue Service
P.O. BOX 57
BENSALEM, PA. 19020

Date:
DEC. 27, 2002

Taxpayer Identifying Number:
52-2091304        B 05

Caller ID:          278004

Contact Telephone Number:
TOLL FREE: 1-800-829-3903
BEST TIME TO CALL:
8:00 AM TO 4:50 PM
MONDAY THRU FRIDAY

AMERICAN VENDING GROUP INC
6781 DEMOCRACY BLVD SHS
BETHESDA  MD   20817-7519307

## Please Call Us About Your Overdue Taxes or Tax Returns

We have no record that you responded to our previous notices. As a result, your account has been assigned to this office for enforcement action, which could include seizing your wages or property. It's important that we hear from you within 10 days from the date of this letter.

IF YOU AREN'T ABLE TO PAY YOUR OVERDUE AMOUNT IN FULL, please call the telephone number listed above. Be ready to tell us what your monthly income and expenses are so we can help you arrange a payment plan.

IF YOU CAN FILE YOUR RETURN WITH FULL PAYMENT, mail it to reach us within 10 days from the date of this letter. IF YOU CAN'T FILE YOUR RETURN WITHIN 10 DAYS, please call one of the telephone numbers listed above. To help us determine if you need to file, be ready to provide us with your filing information. For an individual return, this should include your income, filing status, and total federal taxes withheld. For a business return, this should include wages paid, number of employees, and FTDs made for payroll.

IF YOU WOULD LIKE SOMEONE ELSE to call us for you, we must have a signed statement from you allowing us to disclose your tax information to this person. You should make your statement on Form 2848, Power of Attorney and Declaration of Representative, which you can get from any IRS office. You must send us a copy of the completed form before your representative calls.

*L. G. Dowd*

L. G. DOWD
Operations Manager, Automated Collection System

Enclosures:
Copy of this letter
Envelope



*522091304223*



Letter 2050 (Rev 09-1992)(LT-16)

SB H



**Department of the Treasury**
Internal Revenue Service
ACS SUPPORT
PO BOX 57
BENSALEM, PA 19020-8514

Date:
FEB. 04, 2004

Taxpayer Identification Number:
52-2091304        0 05

Caller ID:                     950887

Contact Telephone Number:
TOLL FREE: 1-800-829-3903
BEST TIME TO CALL:
MON - FRI  8:00AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-3903

7106 8796 9320 3138 6298

AMERICAN VENDING GROUP INC
10485 CONCORD ST STE 440
KENSINGTON MD  20895-2502151

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

### WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

### WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
- Pay the full amount you owe, shown on the back of this letter. When doing so,
  - Please make your check or money order payable to the United States Treasury;
  - Write your social security number and the tax year or employer identification number and the tax period on your payment; and enclose a copy of this letter with your payment.
- Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
- Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter.

### WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope

*522091304223*

Automated Collectio

RESPONDENT'S EXHIBIT

Letter 1058 (Rev. 05-2003)(LT-11)

000663    199812 SBH

Notice Number: CP 504

Notice Date: 12-26-2005

SSN/EIN: 52-2091304

Caller ID:

**IRS** Department of the Treasury
Internal Revenue Service
PHILADELPHIA, PA  19255-0030

7106 8796 9326 1343 6304

AMERICAN VENDING GROUP INC
10605 CONCORD ST STE 440
KENSINGTON MD  20895-2502151

*522091304221*

## Urgent !!

### We intend to levy on certain assets.  Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you call us immediately at the telephone number shown below.  Current balance may include Civil Penalty, if assessed.

### Account Summary

| Form: CIVPEN | Tax Period: 12-31-1998 |
|---|---|
| Current Balance: | $3,615.98 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $705.18 |
| Last Payment: | $0.00 |

For information on your penalty & interest computation, you may call 1-800-829-0115

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Questions?  Call us at 1-800-829-3115

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 12-26-2005

write on your check:

CIVPEN 12-31-1998 52-2091304

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

Amount Due

$3,615.98

Internal Revenue Service
PHILADELPHIA, PA  19255-0030

AMERICAN VENDING GROUP INC
10605 CONCORD ST STE 440
KENSINGTON MD  20895-2502151

522091304 YL AMER 13 2 199812 670 00000361598



RESPONDENT'S EXHIBIT 205



522091304   YL  13   199812   670        5224
200524      00717J             20850        IRS USE ONLY              2335 4 717 53243-1            4.00002079 - 171
                                                                                                          SB   B

**Department of the Treasury**
**Internal Revenue Service**
P.O. BOX 257
STOP 812
COVINGTON, KY 41019-0001

For assistance, call:
1-800-829-3903

Notice Number: CP171
Date: June 27, 2005

Taxpayer Identification Number:
52-2091304
Tax Form: CVL PEN
Tax Period: December 31, 1998

.013003.189526.0053.002 1 AT 0.292 852

AMERICAN VENDING GROUP INC
4 NOCTURNE CT
ROCKVILLE   MD   20850-2852044

013003

---

## Past Due Tax Statement

**Balance Due:**         $3,501.04
**Pay by:**              July 7, 2005

| Form | Period | Unpaid Balance | + Penalties | + Interest | = Total |
|------|--------|---------------|-------------|-----------|---------|
| CVL PEN | 12/31/98 | $2,910.80 | $.00 | $590.24 | $3,501.04 |
| | | | Total Unpaid Tax, Penalties, and Interest | | $3,501.04 |

To make a payment:
1. Make your check or money order payable to the United States Treasury (be sure to write your TIN on your check).
2. Complete and detach the payment stub at the end of this notice.
3. Send the stub and your payment in the enclosed envelope.

If you can't pay the full amount owed:
1. Pay as much as you can now.
2. Review the Payment Options listed on the back of this page.
3. Call us at 1-800-829-3903 if you want to discuss payment options for the amount not paid.

*Reminder! If you don't pay the amount owed by July 7, 2005, we will continue to add penalties and interest until the amount is paid in full.*



Nov-2-05  8:53PM;      24051401701  ;      1  ;Sent by: ATLANTIC EAST ESTATE GROUP

August 18, 2002

Ms. Patricia Slaymaker
Department Manager 1, Collection                    Reply Reference: 0565301666
Internal Revenue Service Center
Philadelphia, PA 19255-0038

Dear Ms. Slaymaker
:

Re: Atlantic Vending Group, Inc.  TIN 52-2091304

Subject: U. S. Corporation Tax Return for Tax Year 1998

We wish to acknowledge receipt of your letter of July 26, 2002, received by this
office August 10, 2002.

We have received three requests for the 1998 U.S. Corporation Tax Return for
Atlantic Vending Group, Inc.  In each case, we have timely responded and
forwarded the return filed October 10, 1999 showing a refund of $393.00. Also
enclosed was my Power of Attorney, Form 2848.  See enclosure.

Again, we are enclosing the U.S. Corporation tax return filed by Atlantic Vending
Group, Inc. for tax year 1998 with supporting schedules. Please forward the refund
check to John S. Blick, President, Atlantic Vending Group, Inc., 4 Nocturne Court,
Rockville, Maryland 20850.

If you have any questions concerning this matter, please do not hesitate to contact
me at (202) 442-6509 or (301) 622-0745.

Very truly yours,


Edward A. Blick


Enclosures


cc: Atlantic Vending Group
    4 Nocturne Court
    Rockville, Maryland 20805



January 15, 2003

Ms. L. G. Dowd
Operation Manager, Automated Collection System
P. O. Box 57
Bensalem, PA 19020

Dear Ms. Dowd:

Re: American Vending Group, Inc. TIN 52-2091304

Subject: U. S. Corporation Tax Return for Tax Year 1998

We wish to acknowledge receipt of your letter of December 27, 2002

Enclosed is our last communication with the Internal Revenue Service concerning this matter, dated August 18, 2002. See attached letter that speaks for itself.

We have no record of civil penalties assessed American Vending Group for tax year 1998. Please forward to us the transcript for American Vending Group for tax year 1998.

If you have any questions concerning this matter, please do not hesitate to contact me at (202) 442-6509.

Very truly yours,


Edward A. Blick


Enclosures



22 September 2005

Internal Revenue Service
P.O. Box 267
STOP 812
Covington, Kentucky 41019-0001

Dear Sir:

Re: American Vending Group, Inc. TIN 52-2091304

Subject: U.S. Corporate Tax Return for Tax Year 1998

We wish to acknowledge your letter of June 27, 2005 that we have enclosed for your
reference.

Enclosed are copies of our three letters, dated May 2, 2002, August 18, 2002 and January
15, 2003 concerning this matter. The letters speak for themselves. Also enclosed is a
letter from the Philadelphia Internal Revenue Service Center, dated April 22, 2002,
acknowledging receipt of our payment of $4,500 for tax year 1998. We have also enclosed
our 1998 U.S. Corporation tax return with attachments and my power of attorney.

Please forward the refund Check of $393. plus interest to John S. Blick, President Atlantic
Vending Group, Inc., 4 Nocturne Court, Rockville, 20050.

If you have any question concerning this matter, please do not hesitate to contact me at
(202) 442-6509 or my mobile (301) 919-4547.

Sincerely yours,


Edward A. Blick

Enclosures:
IRS Notice No CP-081 Dated 04/22/2002
Response letters dated 05/02/2002, 08/18/2002 and 01/15/2002
IRS Notice No CP171 Dated 06/27/2005
American Vending Group, Inc IRS Form 1120 for Tax Year 1998
Power of Attorney



# COMBINED ANNUAL WAGE REPORTING (CAWR) UNIT

INTERNAL REVENUE SERVICE
CAWR UNIT
11601 Roosevelt Blvd.
Philadelphia, PA  19154
RE; PENALTY CODE #549

| **Fax** | **215-516-1302** |
|---------|------------------|
|         |                  |

SEND A PENALTY ABATEMENT REQUEST LETTER
ALONG WITH A COMPLETE SET OF FORMS W-2, W-3 &
941 FOR TAX YEAR 1998....

#52-06650



18 November 2005

Internal Revenue Service
Automated Collection System
P.O. Box 57
Bensalem, PA19020

Dear Sir:

Re: American Vending Group, Inc. TIN 52-2091304

Subject: Tax Due Statement Dated June 27, 2005

We have been instructed by your Automated Collection System to request an explanation of the enclosed Tax Due Statement.

The issue is a miscellaneous penalty IRC 6721(c) for failure to file W-2 Forms for tax year 1998 which was assessed on December 03, 2001 against American Vending Group. We have no record of any communication with IRS prior to that date concerning this matter.

Enclosed are copies of our four letters, dated May 2, 2002, August 18, 2002, January 15, 2003 and September 22, 2005 sent to various IRS offices concerning this matter. We never received a response to any of these letters and your ACS operator informed us that none of these letters are recorded on the transcripts. Also enclosed is the IRS Past due statement dated June 27, 2005 and my power of attorney.

Besides the letters, we visited two IRS offices, Baltimore, MD November 7, 2005 and Washington, D.C. November 16, 2005 in an effort to resolve this matter. We were referred to Automated Collection System.

The purpose of this letter is twofold:

First, we would like to know how the service arrived at the amount of the penalty. In 1998, we had no payroll for the first two quarters and two employees in the third quarter and one employee in the forth quarter.

Second, we would like copies of any correspondence you forward to us prior to December 3, 2001 concerning this matter including copies of certified mail receipts,

If you have any question concerning this matter, please do not hesitate to contact me at (202) 442-6509 or my mobile (301) 919-4547.

Sincerely yours,

Edward A. Blick

Enclosures:

Response letters dated 05/02/2002, 08/18/2002, 01/15/2002 and 09/22/2005
IRS Notice No CP171 Dated 06/27/2005
Power of Attorney



**TAXPAYER ADVOCATE SERVICE** — The Office of the Taxpayer Advocate operates independently of any other IRS Office and reports directly to Congress through the National Taxpayer Advocate.

Date: March 26, 2005

Edward Blick
c/o American Vending Group Inc.
619 Blick Drive
Silver Spring, MD 20904

Taxpayer Identification Number: 52-2091304
Tax Form: Civil Penalty
Tax Period(s) Ending: 12/31/1998
Case Number: 3573210

Dear Mr. Blick:

I am working on your inquiry dated February 9, 2006, received in our office. On March 11, 2006, I asked you for more information to help me resolve your concern civil penalty assessment. Unfortunately, I cannot assist you without copies of W2 statements.

Please send the information I requested by June 16, 2006, so I can make any necessary changes or adjustments. If I do not hear from you by then, I will assume you no longer need my assistance and will close your inquiry. Closing your inquiry without the information I requested will result in no change to your clients' account.

If you have any questions, you can reach me at the telephone numbers and hours of operation listed below. If you prefer, you can write to me at the address or faxes below. Please provide a telephone number where you can be reached and the best time to call you.

I am sorry for the inconvenience this matter has caused you. I am happy to offer my assistance and hope to hear from you soon.

Sincerely,

C. Jones
Case Advocate

Taxpayer Advocate Service, 31 Hopkins Plaza, Room 1038, Baltimore, MD 21201
Contact: C. Jones – Employee Number 52-06838 Available Hours 7:30 a.m. – 4:00 p.m. (EST) M-F
Direct Extension 410-962-6985   Toll Free 800-865-6198   Fax 410-962-7259
Web Site Address www.irs.gov



TAS Letter 1671

June 15, 2006

Ms. C. Jones
Case Advocate
Taxpayer Advocate Service
31 Hopkins Plaza, Room 1038
Baltimore, Maryland 21201

Re: Request for Penalty Reconsideration

Dear Ms. Jones,

As per our telephone conversation of today I submit the following.

The taxpayer, American Vending Group, Inc. TIN 52-2091304 was incorporated in Maryland in mid 1998. For tax year 1998, there were two employees that were paid a total of $7,295.14 by the taxpayer. See enclosed transcripts. The transcripts also show that a penalty was assessed for $3,114.53 less the corporation income tax overpayment from tax year 1989 of $203.73 leaving a balance due of $2,910.80.[1]

The notice requirement for the penalty of IRC § 6722(a) and (c) is located at IRC §6303 which requires notice of an assessment to each person liable for the tax within 60 days of the assessment.

The first notice we received is dated December 3, 2001, almost three years after the W-2 were due, January 31, 1999. A number of notices followed each of which was responded to. All notices and responses were provided with our request for Taxpayer Advocate consideration.

The penalty section is located at IRC § 6722 Failure to furnish correct payee statements.

Section (a) is the general rule provides a $50 penalty for each statement not furnished.

Section (c) provides that in the case of intentional disregard, the penalty is 10% of the amount required to be reported.

IRC Regs. §301.6721-1(f)(3) provides the definition of intentional disregard:

Facts and circumstances considered. The facts and circumstances that are considered in determining whether a failure is due to intentional disregard include but are not limited to:
Whether the failure to the file timely or the failure to include correct information is part of a pattern of conduct by the person who filed the return of repeatedly failing to file timely or repeatedly failing to include correct information;
Whether correction was promptly made upon discovery of the failure;
Whether the filer corrects a failure to file or to a failure to include correct information within 30 days after the date of any written request from the IRS to file or correct; and

---

[1] This information was provided by IRS Hopkins Plaza Customer Service employee Mi

Whether the amount of the information-reporting penalty is less than the cost of complying with the requirements to file timely or to include correct information on the information return.

**Analysis:**

At best the penalty should be $100 for the failure to file two information returns and at worst the penalty should be $729.51 if intentional disregard can be shown.

The failure, if it did occurred, occurred in the first year the taxpayer was in business. There is no pattern of conduct of repeated failures. The taxpayer has continued in business all these years and has a history of tax compliance and has always been current in all tax filing and payment requirements. This was an isolated incident of an inexperience businessperson in his first year of operations.

There was no opportunity to correct the failure after receiving the notice from the Service. The notice was received almost three years after the due date of the information returns and by that time the employees in question were no longer employed by the taxpayer. The business is a vending machine operation whose employee stock vending machines through out Montgomery County, Maryland. The position required little skill and the turnover is substantial. Generally, the employees drift from one job to another and from one location to another. Our attempt to locate these two employees to verify they reported the compensation the taxpayer paid them in 1989 proved futile.

**Conclusion:**

In their determination in resolving this matter, we feel the Service should allow some consideration of the fact that the year in question was the first year that the taxpayer was in business, the subsequent compliance history of the taxpayer and that the amount of the penalty does not comply with the language of the statute.

We would appreciate the following:

1. IDRS or AIM transcripts showing the date the penalty was assessed and the date of the notice that complied with the 60 day requirement of IRC § 6303, and
2. The calculation of the penalty as provided by IRC § 6772(a) and (c), and
3. That the Service determines that the taxpayer's failure to file two information returns was not "intentional disregard".

If you have any further questions regarding this matter, please do not hesitate to contact me. I wish to take this opportunity to thank you for your cooperation concerning this matter.

Very truly yours,


Edward A. Blick

Enclosure

4 September 2006

Ms. Pan Votta
Taxpayer Advocate
Taxpayer Advocate Service
31 Hopkins Plaza, Room 940
Baltimore, Maryland 21201

Re: Case Number 3573210

Subject: American Vending Group, Inc. 52-2091304

Dear Ms. Volla,

On February 9, 2006, we filed a request for Taxpayer Advocate Service consideration concerning a civil penalty that had been assessed against American Vending Group for failure to file information returns in tax year 1998.

Our case was assigned to Case Advocate Ms. C. Jones. While Ms. Jones has been very courteous, after nine months of various phone calls and a number of letters, we have yet to have our concerns addressed. Our concerns are:

1. Provide IDRS or AIM transcripts showing the date the penalty was assessed and the date of the notice that complied with the 60 day requirement of IRC § 6303, and
2. Provide the calculation of the penalty as provided by IRC § 6722(a) and (c), and
3. Provide the Service's determines that the taxpayer's failure to file two information returns was not "intentional disregard".

Enclosed is a copy of a letter requested by Ms. Jones, which discussed in a fact, law and conclusion format our position regarding the applicable penalty, and the what we request the Service to provide. The letter speaks for itself.

Even though we have never received the information we requested in our letter of June 15, 2006, Ms. Jones called us on August 23, 2006 and informing me that her manager has instructed her to close the case. I explained to Ms. Jones I have not received the information I requested in my letter of June 15, 2006 and before she closed the case I would like to have an opportunity to talk to her manager. To date I have not heard from Ms. Jones' manager.



We contacted the Taxpayer Advocate Service because in your literature your organization advocates, "Your assigned Case Advocate will listen to your point of view and will work with you to address your concerns". Obviously, in our case this has not happened.

I would appreciate any consideration you can extend to us in addressing our three concerns as stated above and in our letter of June 15, 2006.

If you have questions concerning this matter, please contact me at my daytime number (202) 442-6509, (301) 991-4547 or eablick1@aol.com.

Very truly yours,


Edward A. Blick

Enclosure:

Taxpayer Advocate Letter of June 15, 2006




The Office of the Taxpayer Advocate operates independently of any other IRS Office and reports directly to Congress through the National Taxpayer Advocate.

Date: October 6, 2006

Edward Blick
c/o American Vending Group Inc.
619 Blick Drive
Silver Spring, MD 20904

Taxpayer Identification Number: 52-2091304
Tax Form: Civil Penalty
Tax Period Ending: 12/31/1998
Case Number: 3573210

Dear Mr. Blick:

Your inquiry dated February 9, 2006 was reviewed. We regret to inform you that your request for reversal of the penalty assessed under the internal revenue code (IRC) section 6721 was not considered for your client. Your failure to provide the requested W2's resulted in the no consideration determination for your client.

Per your request we forwarded your letter and attachments dated June 15, 2006 to the Compliance Unit in the Philadelphia Service Center for review. On July 19, 2006 the Compliance Unit determined the reversal of the penalty would not be considered until the required W-2's were supplied. We requested the W-2's from you several times and you have failed to provide them. We are closing your inquiry in our office since the reversal of the penalty can not be pursued without the W-2's. We will not consider reopening your inquiry in our office unless W-2's are provided.

The current balance due for tax period December 31, 1998, is $3,840.39, which includes penalty and interest figured to October 20, 2006. Internal Revenue Service will continue to charge penalties and interest until the balance due on your client account is satisfied. You have 10 days to contact Automatic Collection Service (ACS) at 1-800-829-3903 to make payoff arrangements before enforced collection action will resume.

If you have any questions, please contact me at the telephone numbers and during the hours of operation listed below. If you prefer, you can write to me at the address or faxes below. Please provide a telephone number where you can be reached and the best time to call you.

Taxpayer Advocate Service, P.O. Box 1553, Baltimore, MD 21203
Contact: C. Jones – Employee Number 52-06838 Available Hours 7:30 a.m. – 4:00 p.m. (EST) M-F
Direct Extension 410-962-6985 Toll Free 866-211-7869 Fax 410-962-7259 Toll Free Fax 866-330-0817
Web Site Address www.irs.gov

TAS Letter 1285



Thank you for your patience and cooperation while this was being resolved.  I sincerely apologize that your client penalty was not abated and for any inconvenience this has caused you.


Sincerely,

C. Jones
Case Advocate


**Taxpayer Advocate Service, P.O. Box 1553, Baltimore, MD 21203**
Contact: C. Jones – Employee Number 52-06838 Available Hours  7:30 a.m. – 4:00 p.m. (EST) M-F
Direct Extension 410-962-6985   Toll Free 866-211-7869 Fax 410-962-7259 Toll Free Fax 866-330-0817
**Web Site Address www.irs.gov**

TAS Letter 1285

**Form 843**
(Rev. November 2006)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.

Do not use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name of claimant | Your SSN or ITIN |
|---|---|
| American Vending Group, Inc. | |
| **Address (number, street, and room or suite no.)** | **Spouse's SSN or ITIN** |
| 10608 Concord Street, Suite 440 | |
| **City or town, state, and ZIP code** | **Employer identification number (EIN)** |
| Kensington, MD 20895 | 52 : 202 1786 |
| **Name and address shown on return if different from above** | **Daytime telephone number** |
| | ( 301 ) 370-1234 |

**1** Period. Prepare a separate Form 843 for each tax period
From 01 / 01 / 1998 to 12 / 31 / 1998

**2** Amount to be refunded or abated
$ $4,849.79

**3a** Type of tax, penalty, or addition to tax:
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ 6721

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☐ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☑ Other (specify) W-2

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ 09/21/2006

**5** Explanation and additional claims. Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

SEE ATTACHMENT

OCT — 3 2006

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)      Date  10/3/06

Signature      Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.      Cat. No. 10180R      Form **843** (Rev. 11-2006)


RESPONDENT'S EXHIBIT

**Line 5 Form 843**

**American Vending Group, Inc. TIN 52-2091304 Miscellaneous Penalty 1998**

The taxpayer was incorporated 1/1/1998 and began business in July 1998. The taxpayer paid total wages in the period 07/01/1998-9/31/1998 of $24,721.36 and filed a Form 941 and paid $3,065.43 in FICA tax, $716.91 in FUTA tax and $2,042.86 in income tax withheld. The taxpayer paid total wages in the period 10/01/1998-12/31/1998 of $6,424.13 and filed a Form 941 and paid $796.39 in FICA tax, $186.29 in FUTA tax and $487.05 in income tax withheld. On 12/03/2001, IRS notified the taxpayer that its account was assessed a Miscellaneous Penalty in the amount of $3,114.53. The taxpayer was unable to substantiation that it issued 1998 W-2 for its two employees employed during the period 07/01/1998 through 12/31/1998. [1] An overpayment credit in the amount of $203.73 was applied to the assessment, leaving a balance of $2,910.80. After the taxpayer exercised its administrative rights for a reconsideration of the penalty, on 09/21/06 IRS seized $3,916.06 [2] from the taxpayer bank account as full payment of the 1998 miscellaneous penalty.

The penalty in question is located at IRC § 6721, Failure to file correct information returns.

Section (a)(1) is the general rule that provides a $50 penalty for each failure to file an information return.

Section (e)(2) provides that in the case of intentional disregard, the penalty is 10% of the amount required to be reported.

IRC Regs. § 301-6721-1(f) provides:

(2) Meaning of "intentional disregard". A failure is due to intentional disregard if it is knowing or willful-
(i)     Failure to file timely; or
(ii)    Failure to include correct information. Whether a person knowingly or willfully fails to file timely or fails to include correct information is determined on the basis of all the facts and circumstances in the particular case.
3) Facts and circumstances considered. The facts and circumstances that are considered in determining whether a failure is due to intentional disregard include, but are not limited to:
(i)     Whether the failure to file timely or the failure to include correct information is part of a pattern of conduct by the person who filed the return of repeatedly failing to file or repeatedly failing to include correction information;
(ii)    Whether correction was promptly made upon discovery of the failure;
(iii)   Whether the filer corrects a failure to file or a failure to include information within 30 days after the date of any written request from the IRS to file or to correct; and

---

[1] The taxpayer's bookkeeper that prepared the Forms 941 and 940 stated that she prepared W-2 for the two employees.
[2] The total amount paid is $4,119.79 representing the overpayment credit applied in the amount of $203.73 and the bank seizure 09/21/2006 of $3,916.06.

(iv)   Whether the amount of the information reporting penalties is less than the cost of complying with the requirement to file timely or to include correct information on an information return.

The taxpayer received no notice from IRS until December 3, 2001. The failure, if it did occur, occurred in the first year the taxpayer was in business. There is no patter of conduct of repeated failures. The taxpayer has continued in business all these years and has a history of tax compliance and has always been current in all tax filing and payments requirements. This is an isolated incident of an inexperienced businessperson in his first year of operations.

There was no opportunity to correct the failure after receiving the notice from the Service. The notice was received almost three years after the due date of the information returns and by that time the employees in question were no longer employed by the taxpayer. The business is a vending machine operation whose employee stock vending machines throughout Montgomery County, Maryland. The position requires little skill and the turnover is substantial. Generally, the employees drift from one job to another and from one location to another. The taxpayer's attempt to locate these two employees to verify that they reported the compensation they received from the taxpayer in 1998 proved futile.

We feel that the taxpayer, an inexperience businessmen in the first year of business, did not intentionally disregard its obligation to file in 1998 Forms W-2 to two employees. The IRS notice was received almost three years after the Forms W-2 were due. At that time, the employees in question were no longer employed by the taxpayer. The taxpayer attempts to locate the employees proved futile. Since the period in question, the taxpayer has a compliance history of timely filing and paying all its employment tax obligations. Finally, the Service received full payment for the taxpayer's 1998 employment tax obligation. There is no lost revenue to the Government.

We request a refund of $4,019.79, that represent the balance of the total payment of $4,119.79 less the payment of the penalty of $100.00, $50 each for the two W-2 as provided by IRS § 6722(c), that the taxpayer cannot substantiate it issued.[3]

---

[3] There should be no interest charge since the Service had 100% of the employment tax and did not surfer any loss in the time value of the Government money.

Page 1 of 2



# Internal Revenue Service — e-services

DEPARTMENT OF THE TREASURY

---

This Product Contains Sensitive Taxpayer Data

Request Date: 08-03-2006
Response Date: 08-03-2006
IRS Employee Number: GGGCB
Tracking Number: 100008135965

## Account Transcript

FORM NUMBER: CIVIL PENALTY          TAX PERIOD: Dec. 31, 1998

TAXPAYER IDENTIFICATION NUMBER: 52-2091304

AMERICAN VENDING GROUP INC
6701 DEMOCRACY BLVD STE 555
BETHESDA, MD 20817-7519-307

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:     $2,910.80
ACCRUED INTEREST:     $873.59 AS OF: Aug. 14, 2006
ACCRUED PENALTY:        $0.00 AS OF:

ACCOUNT BALANCE
PLUS ACCRUALS:       $3,784.39

TAX PER TAXPAYER:        0.00

RETURN NOT PRESENT FOR THIS ACCOUNT

| TRANSACTIONS | | | |
|---|---|---|---|
| CODE | EXPLANATION OF TRANSACTION | CYCLE   DATE | AMOUNT |
| 240 | MISCELLANEOUS PENALTY IRC 6721 PENALTY FOR INTENTIONAL DISREGARD  28354-717-52243-1 | 200147  12-03-2001 | $3,114.53 |
| 706 | OVERPAID CREDIT APPLIED  1120 199812 | 03-16-1999 | -$203.73 |
| 971 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE  LEVY NOTICE ISSUED | 02-04-2006 | $0.00 |
| 960 | RECEIVED POA/TIA | 03-28-2006 | $0.00 |
| 971 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE  RETURN RECEIPT SIGNED | 04-25-2006 | $0.00 |

RESPONDENT'S EXHIBIT

Station Name: BLT006WA215_06   Date: 8/1/2006 Time: 11:29:1. M

252-2091304 01199812000   RETURN: FORM 941   NM CTRL:AMER
                                                                    UP-CYC:3
28141-051-04528-9                              941 1120 CT-1
RETENTION AMERICAN VENDING GROUP INC                 TRANS DT   TOT TAX LIABILITY AMT
TRANS  ASSESS DT  CYCLE        REMITTANCE AMT                                    1,469.94
150    03-29-1999 199911           0.00 02-11-1999
3RD PARTY/PAID PREP: CKBX:   DPIN:        PHONE #:              AUDIT CDS:
PAID PREP: DPIN/SSN:          PHONE#:                          MATH STATUS CD: 2
MONTHS DELINQUENT: 1        TP NOTICE CODES:000000   PENALTY&INTEREST CD: 0
ALPH COND CDS:              CORR RCVD DT: 02-11-1999 RPS: N
RETURN CD: 00                                        SCHEDULE IND: 0
TAX PER TAXPAYER:               1,469.94
DEPOSIT STATE:MD BASE PERIOD CD:01  PREV MOD BASE PRD CD:0

                                                                              0.00
TOTAL COMP:          ━━━━━━━━━━    6,424.13   TTL INC TX WTHELD:              0.00
TXBL SSA WAGES:                   6,424.13   TXBL SSA TIPS:
TXBL MED WAGE/TIPS:               6,424.13                                    0.00
TAX ON SSA WAGES:                   796.59   TAX ON SSA TIPS:
TAX ON MED WG/TIPS:                 186.29                                    0.00
TTL SSA/MED TAX:                      0.00   TTL TX BEFORE ADJ:

                              MONTHLY LIABILITY AMOUNTS
                                                 467.34  3RD:              416.50
1ST:             586.10  2ND:
              PAGE 001 OF 002              BMFPG 002



Station Name: BLT006WA21!      Date: 8/1/2006  Time: 13:09:40 PM

_____52-2091304 01199812000  RETURN: FORM 941      NM CTRL:AMER      UP-CYC:3|

28141-051-04528-9
RETENTION AMERICAN VENDING GROUP INC             941 1120 CT-1
                                      ADJUSTMENTS
                                      0.00   CUR QTR SICK PAY:                    0.00
CUR QTR FRAC CENT:                    0.00   CUR YR INC TX WTH:                   0.00
CUR QTR TIPS/GLI:                     0.00   SPEC ADD FED TAX:                    0.00
PR QTR SSA/MED TX:                    0.00   TOTAL ADJUSTMENTS:                   0.00
SPEC ADD SSA/MED:                     0.00   TOTAL DEP FOR QTR:             1,469.94-
ADVANCED EIC:

                           2004 AND PRIOR RETURNS                           487.05
                               982.88  ADJ TOT TAX WTHLD:                      0.00
ADJ TOT SSA/MED TX:            0.00  ADJ TO WITHHOLD:
ADJ SSA/MEDCRE TXS:

                           1993 AND PRIOR RETURNS
ADJ TTL BKUP WTHLD:            0.00

                           1987 AND PRIOR RETURNS
TIPS DEEMED WAGES:             0.00


              PAGE 002 OF 002           BMFPG 001

Station Name: BLT006WA219.  J. Date: 8/1/2006 Time: 11:29:59

```
█████52-2091304 01199809000  RETURN: FORM 941     NM CTRL:AMER      UP-CYC:31
28141-051-07666-9
RETENTION AMERICAN VENDING GROUP INC            941 1120 CT-1
                                ADJUSTMENTS                               0.00
                            0.00  CUR QTR SICK PAY:                       0.00
CUR QTR FRAC CENT:          0.00  CUR YR INC TX WTH:                      0.00
CUR QTR TIPS/GLI:           0.00  SPEC ADD FED TAX:                       0.00
PR QTR SSA/MED TX:          0.00  TOTAL ADJUSTMENTS:                      0.00
SPEC ADD SSA/MED:           0.00  TOTAL DEP FOR QTR:                  ,625.20-
ADVANCED EIC:

                        2004 AND PRIOR RETURNS                          042.84
                        3,782.34  ADJ TOT TAX WTHLD:                     0.00
ADJ TOT SSA/MED TX:         0.00  ADJ TO WITHHOLD:
ADJ SSA/MEDCRE TXS:

                        1993 AND PRIOR RETURNS
                            0.00
ADJ TTL BKUP WTHLD:

                        1987 AND PRIOR RETURNS
                            0.00
TIPS DEEMED WAGES:


                PAGE 002 OF 002          BMFPG 001
```

Station Name: BLT006WA219  3   Date: 8/1/2006 Time: 11:29:37  A

▇▇▇52-2091304 01199809000  RETURN: FORM 941     NM CTRL:AMER
28141-051-07666-9                                              UP-CYC:3.
RETENTION AMERICAN VENDING GROUP INC         941 1120 CT-1
TRANS   ASSESS DT  CYCLE      REMITTANCE AMT      TRANS DT   TOT TAX LIABILITY AMT
150    03-29-1999 199911                 0.00  02-11-1999            5,825.20
3RD PARTY/PAID PREP: CKBX:    DPIN:          PHONE #:              AUDIT CDS:
PAID PREP: DPIN/SSN:          PHONE#:                        MATH STATUS CD: 2
MONTHS DELINQUENT: 4     TP NOTICE CODES:000000    PENALTY&INTEREST CD: )
ALPH COND CDS:           CORR RCVD DT: 02-11-1999 RPS: N
RETURN CD: 00                                   SCHEDULE IND: 1
TAX PER TAXPAYER:            5,825.20
DEPOSIT STATE:MD BASE PERIOD CD:01  PREV MOD BASE PRD CD:0
                                                                      0.00
TOTAL COMP: ▬▬▬▬▬      24,721.36  TTL INC TX WTHELD:                  0.00
TXBL SSA WAGES:            24,721.26  TXBL SSA TIPS:
TXBL MED WAGE/TIPS:       24,721.26                                   0.00
TAX ON SSA WAGES:          3,065.43  TAX ON SSA TIPS:
TAX ON MED WG/TIPS:          716.91                                   0.00
TTL SSA/MED TAX:               0.00  TTL TX BEFORE ADJ:

                        MONTHLY LIABILITY AMOUNTS
                                         0.00  3RD:            0.00
1ST:            0.00  2ND:

              PAGE 001 OF 002          BMFPG 002

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

AMERICAN VENDING GROUP, INC.,   )
                               )
           Plaintiff,     )
                               )
      v.                 )     No. 8:07-cv-2277-AW
                               )
UNITED STATES,          )
           Defendant.  )

## UNITED STATES' RESPONSE TO AMERICAN VENDING GROUP INC.'S FIRST SET OF INTERROGATORIES

The United States responds and objects to the plaintiff's first set of interrogatories served on January 28, 2008 as follows:

**Interrogatory no. 1.**

For tax year 1998, please explain the method used by the Internal Revenue Service to calculate the 26 U.S.C. § 6721 penalty that was assessed against the Plaintiff.

**Response:**    The United States objects to interrogatory no. 1 because it assumes that section 6721 penalties are "calculated" by a "method." Penalties under section 6721 are assessed according to factual criteria established by statute.

**Interrogatory no. 2.**

For tax year 1998, please provide the name or names of the Internal Revenue Service personnel that asserted and assessed of the 26 U.S.C. § 6621(e) penalty against the Plaintiff.

**Response:**    No penalty was assessed under section 6621(e).

3063374.2

**Interrogatory no. 3.**

For tax year 1998, please provide the name or names of the Internal Revenue Service personnel that determined that Plaintiff's failure to file W-2s was due to "intentional disregard" of the requirement to file correct information returns.

**Response:**    The United States does not know the identities of the individuals involved in the assessment of this penalty.

**Interrogatory no. 4.**

For tax year 1998, please provide the citation to all the Internal Revenue Service's guidelines used to determine whether a taxpayer failure to file W-2s was or was not due to "intentional disregard" of the requirement to file correct returns.

**Response:**    The United States objects to interrogatory no. 4 because it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this interrogatory is essentially a request for legal research within and among the Internal Revenue Service's published materials. To this extent the discovery is objectionable in that responses can be obtained by plaintiff from publicly available sources more conveniently, less burdensomely, and less expensively.

**Interrogatory no. 5.**

For tax year 1998, please provide the basis for determining that the Plaintiff's failure to file W-2s was due to "intentional disregard" of the requirement to file correct information returns.

3063374.2

**Response:**  Plaintiff failed to file a correct return in a timely manner.  Plaintiff made no correction upon discovery of any mistake and no payments were made within 30 days of any request from the Service to file or to correct the return given that the penalty was collected through a levy.

## Interrogatory no. 6.

For tax year 1998, please provide the Plaintiff's facts and circumstance that were used to determining that Plaintiff's failure to file W-2s was due to "intentional disregard" of the requirement to file correct information returns.

**Response:**  Plaintiff failed to file a correct return in a timely manner. Plaintiff made no correction upon discovery of any mistake and no payments were made within 30 days of any request from the Service to file or to correct the return given that the penalty was collected through a levy.

## Interrogatory no. 7.

For tax year 1998, please provide the names of all Internal Revenue Service employees that had knowledge of the 26 U.S.C. § 6712 penalty asserted and assessed against the Plaintiff.

**Response:**  No penalty was assessed under section 6712.

## Interrogatory no. 8.

Please provide the citation of all court cases that support Defendant's position that Plaintiff's failure to file W-2s was due to "intentional disregard" of the requirement to file correct information returns.

3

3063374.2

**Response:**     The United States objects to interrogatory no. 8 because it is irrelevant and

is not reasonably calculated to lead to the discovery of admissible

evidence.  Moreover, this interrogatory is a request for legal research, to

be conducted by counsel for the United States.  As such, the interrogatory

seeks to compel the creation and disclosure of attorney work product.

Furthermore, the discovery is objectionable in that responses can be

obtained by plaintiff from publicly available sources more conveniently,

less burdensomely, and less expensively.

<u>VERIFICATION</u>

The foregoing is true and correct to the best of my information and belief, based

upon my review of agency records, discussions/interviews with agency personnel,

and/or personal knowledge.  I declare under penalty of perjury that the foregoing is

true and correct.  Executed on March 3, 2008.

<u>/s/ Ari Kunofsky</u>
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-9187
Email: Ari.D.Kunofsky

4

3063374.2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMERICAN VENDING GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 8:07-cv-2277-AW |
| | ) | |
| UNITED STATES, | ) | |
| Defendant. | ) | |

## UNITED STATES' RESPONSE TO AMERICAN VENDING GROUP, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

The United States responds and objects to the plaintiff's first set of requests for production of documents served on January 28, 2008 as follows:

**Request for Production no. 1.**

Please provide copies of all Form 941 transcripts of accounts for Plaintiff for tax quarters beginning for the 1st quarter of 1999 through 4th quarter of 2007.

**Response:**   The United States will provide copies of the requested documents as Exhibit 101.

**Request for Production no. 2.**

Please provide copies of all W-2 and W-3 transcripts of accounts for Plaintiff for tax quarters beginning for the 1st quarter of 1999 through 4th quarter of 2007.

**Response:**   The United States has not been able to locate these documents.

1

**Request for Production no. 3.**

Please provide copies of all Form 941 returns filed for Plaintiff for tax quarters for the 1st quarter of 1999 through 4th quarter of 2007.

**Response:**   The United States has not been able to locate these documents.

**Request for Production no. 4.**

Please provide copies of all Form W-2 and W-3 filed by Plaintiff for tax quarters for 1999 through 2007.

**Response:**   The United States has not been able to locate these documents.

**Request for Production no. 5.**

Please provide a copy of the Internal Revenue Service Center's administrative file for the Plaintiff's 26 U.S.C. § 6721 penalty.

**Response:**   The United States has not been able to locate these documents.

**Request for Production no. 6.**

Please provide a copy of the Baltimore Tax Advocate Service's administrative file for the Plaintiff's 26 U.S.C. § 6721 penalty.

**Response:**   The United States objects to request no. 6 because it is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent this request seeks documents subject to the government-deliberative-process privilege. Without waiving these objections, the United States has not been able to locate these documents.

2

3063374.2

**Request for Production no. 7.**

Please provide a copy of the Internal Revenue Service-District Counsel's recommendation concerning Plaintiff's Form 843- Claim for Refund prepared by Imnessa Glmagman.

**Response:**     The United States objects to request no. 7 because it is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. The United States further objects to the extent this request seeks documents subject to the attorney-client privilege and the government-deliberative-process privilege. Without waiving these objections, the United States has not been able to locate these documents.

**Request for Production no. 8.**

Please provide copies of all documents that refer or relate to the determination that Plaintiff's failure to file W-2s was due to "intentional disregard" of the requirement to file correct information returns.

**Response:**     The United States objects to the extent this request seeks documents subject to the government-deliberative-process privilege. Without waiving these objections, the United States has not been able to locate these documents.

3

3063374.2

**Request for Production no. 9.**

Please provide copies of all documents that refer or relate to the determination to refer Plaintiff's 26 U.S.C. § 6721 penalty assessment to the Internal Revenue Service's collection division to implement collection activity, i.e. seizure of bank account.

**Response:**   The United States objects to request no. 9 because it is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production no. 10.**

Please provide copies of all documents that refer or relate to the seizure of Plaintiff's funds from its bank account, including all notices.

**Response:**   The United States objects to request no. 10 because it is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production no. 11.**

Please provide copies of the facts and circumstances that were the basis to determine that Plaintiff's failure to file W-2s was due to "intentional disregard" of the requirement to file correct information returns.

**Response:**   The United States objects as this request is too vague to allow it to respond. The United States is unsure of what the plaintiff is seeking.  Without waiving these objections, the United States asks the plaintiff to look to Response to Interrogatories nos. 4 and 5.

3063374.2

**Request for Production no. 12.**

Please provide copies of all correspondence forwarded to American Vending Group,

Inc. by the Internal Revenue Service including but not limited to the any Taxpayer

Advocate Service Office and/or any Internal Revenue Service Center.

**Response:**   The United States objects that this is unduly burdensome because any such

correspondence should be in the possession of American Vending Group, Inc.

Without waiving this objection, the United States has not been able to locate

these documents.


Date:  March 3, 2008

/s/ Ari D. Kunofsky
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-9187
Email: Ari.D.Kunofsky@usdoj.gov

3063374.2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN VENDING GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 8:07-cv-2277-AW |
| | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

## UNITED STATES' RESPONSE TO AMERICAN VENDING GROUP INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS

The United States responds and objects to the Plaintiff's first set of requests for admissions served on January 28, 2008 as follows:

**Request for Admission no. a.**

Admit that prior to asserting the 26 U.S.C. § 6712 penalty, Defendant did not contact Plaintiff to obtain the facts and circumstances why the Plaintiff did not file W-2s for tax year 1998.

**Response:**   Denied.  No penalty was assessed under § 6712.

**Request for Admission no. b.**

Admit that the Plaintiff's facts and circumstances were not considered to determine that Plaintiff's failure to file W-2s was due to "intentional disregard" of the requirement to file correct return information.

**Response:**   Denied.

1

3063374.2

**Request for Admission no. c.**

Admit that Plaintiff was assessed the 26 U.S.C. § 6721 penalty without considering the Plaintiff's facts and circumstances related to its failure to file W-2s for tax year 1998.

**Response:**    Denied.

**Request for Admission no. d.**

Admit that the Defendant seized Plaintiff's bank account without providing notice as required by the Internal Revenue Code.

**Response:**    Denied.

**Request for Admission no. e.**

Admit that Imnessa Glmagman of the Washington, D.C. Office of Internal Revenue District Counsel was not in possession of Plaintiff's Form 843-Claim for Refund prior to Plaintiff providing Ms. Glmagman with the return.

**Response:**    Denied.

**Request for Admission no. f.**

Admit that United States does not have an administrative file of Plaintiff's Form 843-Claim for Refund or any other Plaintiff's administrative file.

**Response:**    Denied.  The United States has not been able to locate these documents.

3063374.2

**Request for Admission no. g.**

Admit that the at the date Plaintiff was notified of its alleged failure to file W-2, the statute of limitations for assessment had expired as to the two employees the Defendant alleges Plaintiff failed to furnish W-2s.

**Response:**    Denied.

Date:   March 3, 2008

/s/ Ari D. Kunofsky
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-9187
Email: Ari.D.Kunofsky@usdoj.gov

3

3063374.2

**Certificate of Service**

I certify that I served that the foregoing *United States' Response to American Vending Group Inc.'s First Set of Interrogatories, United States' Response to American Vending Group, Inc.'s First Set of Requests for Production of Documents, and United States' Response to American Vending Group Inc.'s First Set of Requests for Admissions* were served on March 3, 2008, by certified mailing, postage prepaid, addressed to:

> Edward A. Blick, *Esq.*
> 619 Blick Dr.
> Silver Spring, MD 20904.

> /s/ Ari Kunofsky
> ARI D. KUNOFSKY

4

3063374.2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN VENDING GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 8:07-cv-2277-AW |
| | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

### UNITED STATES' RESPONSE TO AMERICAN VENDING GROUP INC.'S SECOND SET OF INTERROGATORIES

The United States responds and objects to the plaintiff's second set of interrogatories served on March 8, 2008 as follows:

**Interrogatory no. 1.**

For tax year 1998, please provide the name or names of the Internal Revenue Service personnel that asserted and assessed of the 26 U.S.C. § 6621 penalty against the Plaintiff.

**Response:**   No penalty was assessed under section 6621.

**Interrogatory no. 2.**

For tax year 1998, please provide the name or names of all Internal Revenue Service employees that had knowledge of the 26 U.S.C. § 6721 penalty asserted and assessed against Plaintiff.

**Response:**   The United States objects to interrogatory no. 2 because this interrogatory is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent the plaintiff seeks information regarding the penalty's collection rather than its assessment.  Without waiving this

3124836.11

objection, the United States has been unable to locate the Service

employees that have knowledge of the § 6721 penalty's assessment.


## VERIFICATION

The foregoing is true and correct to the best of my information and belief, based

upon my review of agency records, discussions/interviews with agency personnel,

and/or personal knowledge.  I declare under penalty of perjury that the foregoing is

true and correct.  Executed on April 10, 2008.

/s/ Ari Kunofsky
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-9187
Email: Ari.D.Kunofsky@usdoj.gov

1

3124836.11

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

AMERICAN VENDING GROUP, INC.,   )
                             )
         Plaintiff,        )
                             )
     v.                )     No. 8:07-cv-2277-AW
                             )
UNITED STATES,          )
         Defendant.    )

**UNITED STATES' RESPONSE TO AMERICAN VENDING
GROUP INC.'S SECOND SET OF REQUESTS FOR ADMISSIONS**

The United States responds and objects to the plaintiff's second set of requests for

admissions served on April 15, 2008 as follows:

**Request for Admission a.**

Admit that prior to asserting the 26 U.S.C. § 6721 penalty, Defendant did not contact the

Plaintiff to obtain the facts and circumstances as to why the Plaintiff did not file W-2s for

tax year 1998.

**Response:**    Denied.

     Date: April 24, 2008

                                         */s/ Ari D. Kunofsky*
                                         ARI D. KUNOFSKY
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         Post Office Box 227
                                         Ben Franklin Station
                                         Washington, D.C.  20044
                                         Telephone: (202) 353-9187
                                         Email: Ari.D.Kunofsky@usdoj.gov

3223040.1

**Certificate of Service**

I certify that I served that the foregoing *United States' Response to American Vending Group Inc.'s Second Set of Interrogatories* served on April 10, 2008, by certified mailing, postage prepaid, addressed to:

> Edward A. Blick, *Esq.*
> 619 Blick Dr.
> Silver Spring, MD 20904.

> */s/ Ari Kunofsky*
> ARI D. KUNOFSKY

2

3124836.11

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

AMERICAN VENDING GROUP, INC.,    )
                                )
          Plaintiff,    )
                                )
    v.                    )     No. 8:07-cv-2277-AW
                                )
UNITED STATES,            )
          Defendant.    )

**UNITED STATES' RESPONSE TO AMERICAN VENDING
GROUP INC.'S THIRD SET OF INTERROGATORIES**

The United States responds and objects to the plaintiff's second set of
interrogatories served on April 15, 2008 as follows:

**Interrogatory no. 1.**

For tax year 1998, please provide the name or names of the Internal Revenue Service
personnel that asserted and assessed of the 26 U.S.C. § 6721 penalty against the Plaintiff.

**Response:**    The United States objects to interrogatory no. 1 as being untimely filed as

our response to this discovery would be due on or after Monday, May 19,

2008.  Additionally, this information irrelevant and not reasonably

calculated to lead to discoverable information.  Without waiving these

objections, the United States does not know the identities of the

individuals involved in the assessment of the penalty.

3223040.1

219

## VERIFICATION

The foregoing is true and correct to the best of my information and belief, based upon my review of agency records, discussions/interviews with agency personnel, and/or personal knowledge. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 24, 2008.

/s/ Ari Kunofsky
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-9187
Email: Ari.D.Kunofsky@usdoj.gov

3223040.1

BARRY RORRER          410 9927969          06/19/08  11:18pm  P. 001
MAY-19-2008 12:00 PM                                              P. 02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN VENDING GROUP, INC.

Plaintiff

v.                                    No. 8.07-cv-2277-AW

U. S. GOVERNMENT

Defendant

## AFFIDAVIT

I, Ellen C. Rorrer ("Declarer") and a resident of 9429 Diamondback Road, County of Howard, State of Maryland and do hereby certify, swear or affirm under the penalty of perjury, and declare that I am component to give the following declaration based on my personnel knowledge, unless otherwise stated, and that the following facts and things are true and correct to the best of my knowledge

1. For part of 1998 and 1999, I was the bookkeeper for American Vending Group, Inc. ("American").

2. In 1998 and 1999, I prepared for American the Employer's Federal Quarterly Tax Returns, IRS Form 941, Employer's Federal Unemployment Annual Tax Return, IRS Form 940, and the Wage and Tax Statements, IRC Form W-2 and the Transmittal of Wage & Tax Statement, IRC Form W-3.

3. I gave the 1998 Wage and Tax Statements, IRC Form W-2, and the Transmittal of Wage & Tax Statement, IRC Form W-3 to Mr. Blick.

WITNESS my signature this ___1am___ day __May__ year and month _2008_

_Ellen C. Rorrer_
Ellen C. Rorrer, Declarer


State of __Maryland__

County of __Montgomery__

Subscriber and sworn to before me this__19th__day of __May__, 2008.

_Rita M. Frederick_
Notary Public

My commission expires:


RITA M. FREDERICK
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
My Commission Expires June 1, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AMERICAN VENDING GROUP, INC.

    Plaintiff

    v.

U. S. GOVERNMENT

    Defendant

No. 8.07-cv-2277-AW

## AFFIDAVIT

I, John S. Blick ("Declarer") and a resident of 14200 Marian Drive, County of Montgomery, State of Maryland and do hereby certify, swear or affirm under the penalty of perjury, and declare that I am component to give the following declaration based on my personnel knowledge, unless otherwise stated, and that the following facts and things are true and correct to the best of my knowledge

1. I am the sole stockholder and general manager of American Vending Group, Inc.

2. I am a commercial real estate agent who recognized a business opportunity to place vending machines in office buildings I leased.

3. Prior to 1998, the vending machine business was operated as a sole proprietorship.

4. Prior to 1998, I performed all the functions of providing and servicing the vending machines.

5. The vending machine business was incorporated as American Vending Group, Inc. in the State of Maryland on January 1, 1998 and commenced business as a corporation in July 1998.

6. American primary business is to provide and service vending machines in office buildings located in Montgomery and Prince George's Counties.

7. In 1998, I had no experience in the accounting and local, state and federal licensing, tax and other requirements of operating a vending machine business.

8. American's bookkeeper for part of 1998 and 1999 was Ellen C. Rorrer.

9. Among Ms. Rorrer's duties were the preparation of the payroll and all federal and State employment filing requirements.

10. When Ms. Rorrer completed the payroll and any federal and state employment filing requirement, she gave me the documents to pay and/or file.

11. In 1998, American had two employees, John Hohl and Michal Goodman.

12. I personally gave the American 1998 Wage and Tax Statement, IRC Form W-2 to John Hohl and Michael Goodman.

13. I have no record or recollection that I filed Transmittal of Wages and Tax Statement, IRC Form W-3 and the Wage and Tax Statement, IRC Form W-2 to the Social Security Administration.

14. In 1998, I had no knowledge of the filing requirements for the Transmittal of Wages and Tax Statement, IRC Form W-3 and the Wage and Tax Statement, IRC Form W-2 to the Social Security Administration.

15. I nor American had anything to gain from not filing the 1998 Transmittal of Wages and Tax Statement, IRC Form W-3 and the two Wage and Tax Statement, IRC Form W-2 with the Social Security Administration,  All the employment tax money had been paid. The government had the all the money.

16. In 2000, I contracted with a payroll service to perform all of American's payroll and employment filings.

17. The vending machine place of business has been relocated five times since 1998.

18. As the results of the many moves, many of the records were either discarded or lost in the moves.

19. I am no longer in possession of copies of the W-2s and W-3 prepared by the bookkeeper in 1998.

20. I was not contacted by IRS or the Social Security Administration concerning this matter until almost three years after the filing date of the 1998 W-2s and W-3.

21, I received a number of letters concerning the assessment of the penalty for failure to file W-2s and W-3.

22. I understood that my CPA responded to all the notices requesting an explanation of the penalty.

23, I understood IRS never replied to his responses.

24. I understood that my CPA visited the local IRS customer service center and requested Taxpayer Advocate consideration in an effort to resolve this matter.

25. I understood that the IRS was unwilling or unable to explain the basis of the penalty and recommended I go to court to obtain a response.

26. Except for the isolated incident in 1998, all of American's employer's wage tax filings for the ten years that American has been in business were timely and properly filed and fully paid.

WITNESS my signature this _____ 19th _____ day May 2008 year and month

John S. Blick, Declarer

State of _Maryland_

County of _Montgomery_

Subscriber and sworn to before me this _1am_ day of _May_, 2008.

_Rita M Frederick_

Notary Public

My commission expires:

RITA M. FREDERICK
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
My Commission Expires June 1, 2010