IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN VENDING GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 8:07-cv-2277-AW-WGC |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF THE UNITED STATES'
MOTION FOR SUMMARY JUDGMENT**

The Internal Revenue Service assessed a penalty against American Vending for intentionally disregarding its duty to file its 1998 Form W-2s. American Vending alleges that it made a "mistake" and did not "intentionally disregard" its duty to file. The United States filed a motion for summary judgment (docket no. 22), arguing that judgment should be granted unless American Vending could come forward with evidence that a mistake occurred. American Vending responded, alleging: (a) that American Vending president's inability to recall whether he sent in the Form W-2s created a genuine issue of material fact, (b) that American Vending was unaware of its legal duties to file Form W-2s, and (c) that the Internal Revenue Service never explained why it assessed the intentional disregard penalty rather than the mistake penalty.

American Vending filed affidavits supporting its lack of recollection and lack of knowledge of its legal duties arguments. These affidavits are insufficient to create a genuine issue of material fact as they are self-serving, conclusory, and implausible. Moreover, courts will not look to the Service's administrative process in assessing a

penalty; American Vending instead bears the burden of proving whether a mistake occurred.  Because American Vending failed to meet that burden, this Court should grant the United States' motion for summary judgment.

### A. American Vending's Inability to Recall Whether It Filed the Form W-2s Cannot Create a Genuine Issue of Material Fact.

American Vending fails to provide sufficient evidence to create a genuine issue of material fact about its mistake. To survive summary judgment, American Vending's affidavit must set forth "specific facts."  *See* Fed. R. Civ. P. 56(e)(2).  American Vending argues through John Blick's affidavit that it filled out the Forms W-2 and W-3, gave the W-2s to its employees, but "cannot recall" whether it mailed the copies of the forms to the Social Security Administration.  (Docket no. 24, p. 66 of the ECF filing, John Blick Aff. ¶¶ 10-13.)  Such an affidavit cannot create a genuine issue of material fact.

American Vending cannot manufacture a genuine issue of material fact by not filling in the details of what Blick and American Vending did with the forms.  American Vending does not allege that Blick mis-read the instructions, that he mailed them to the wrong address, or that he otherwise acted in an "accidental or unconscious" manner.  *Tysinger Motor Co. v. United States*, 428 F. Supp. 2d 480, 484 (E.D. Va. 2006) (describing a mistake under 26 U.S.C. § 6721 as requiring an "accidental or unconscious" act).  Without any facts that could be considered a mistake, all that exists is the conclusion that John Blick, a business-savvy commercial real estate agent, made a mistake but does not recall how, when, or why.  Such a self-serving and conclusory statement cannot

2

survive summary judgment. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990) (the objective of Fed. R. Civ. P. 56(e) is "not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); *Williams v. Giant Food Inc.*, 370 F.3d 423, 432 (4th Cir. 2004).

      B.     **American Vending's Conclusion that it did not know it was Obligated to file the Form W-2s is Implausible.**

American Vending further alleges, even though it filled out the forms, it did not have any "knowledge of the filing requirements" for Forms W-2 and W-3. (Docket no. 24, p. 66 of the ECF filing, John Blick's Aff. ¶ 14.) For summary judgment, "[i]f the factual context renders [the nonmoving party's] claim implausible - if the claim . . . simply makes no sense - [the nonmoving party] must come forward with more persuasive evidence to support the claim." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Here American Vending lack of knowledge is implausible because an explanation of that requirement was right in front of John Blick's face.

American Vending alleges in its affidavits that it filled out the Forms W-2 and W-3.[1] Form W-2's Copy A states in bold type: "Copy A for Social Security Administration." Form W-3's sole purpose is to act as a transmittal form to send in

---

[1] Ellen Rorrer, American Vending bookkeeper, averred that: "I gave the 1998 Wage and Tax Statements, IRC Form W-2, and the Transmittal of Wage & Tax Statements, IRC Form W-3[,] to Mr. Blick." (Docket no. 24, p. 63 of the ECF filing, Ellen Rorrer's Aff. ¶ 3.) Blick averred that: "When Ms. Rorrer completed the payroll and any federal and state employment filing requirement, she gave me the documents to pay and/or file." (Docket no. 24, p. 66, John Blick's Aff. ¶ 10.)

W-2s to the Social Security Administration and states: "Send this entire page with an entire Copy A page of the Forms W-2 to the Social Security Administration." By filling out the forms, American Vending would have known of its duty to file them.

Copies of the 1998 Form W-3 and W-2 are attached as Appendix I.

### C. The Service's Administrative Reasoning Is Irrelevant Because American Vending Has the Burden to Prove It Made a Mistake.

American Vending alleges that the Service failed to offer proof that American Vending intentionally disregarded its duty. Because, in a refund suit, American Vending must prove that it made a mistake, the Service does not need to come forward with any such evidence.

In a refund suit for an intentional disregard/mistake penalty, the taxpayer must come forward with evidence to prove it made a mistake. *Tysinger*, 428 F. Supp. 2d at 484 (leaving the burden of proof "solely on the taxpayer"); *see generally Southern Bancorporation, Inc. v. United States*, 732 F.2d 374, 378 (4th Cir. 1984) (burden of proof rests on the plaintiff in a refund suit). Courts will review the merits and claims *de novo*. It is long-established that the Service's conclusions and analysis at the administrative stage are irrelevant in determining whether a taxpayer is entitled to a refund. *E.g., Vons Companies, Inc. v. United States*, 51 Fed. Cl. 1, 6 (2001)[2]; *see United States v. Janis*, 428 U.S. 433, 440 (1976). Courts do not look at the Service's reasoning behind its assessment. *See*,

---

[2] Holding that: "this court's determination of plaintiff's tax liability must be based upon the facts and merits presented to the court and does not require (or even ordinarily permit) this court to review findings or a record of previously developed at the administrative level."

4

*e.g.*, *Williams v. Commissioner*, 999 F.2d 760, 763 (4th Cir. 1993); *Anastasato v. Commissioner*, 794 F.2d 884, 886-87 (3d Cir. 1986).  As the Service's reasoning in assessing the penalty is irrelevant, the lack of that information regarding why the Service assessed the penalty cannot create a genuine issue of material fact.

American Vending uses this silence to further argue that the United States cannot prove a pattern of misconduct occurred and that American Vending had nothing to gain from not filing.  (Docket no. 24, p. 12 of the ECF filing.)  Both are insufficient facts to allow American Vending to survive summary judgment.  As we argued in our main brief, while a pattern of misconduct is a factor under the regulation that indicates a taxpayer intentionally disregarded its duty, the opposite is not true.  A taxpayer who voluntarily shirks its duties once still intentionally disregards that duty.  Similarly, even if American Vending did not financially gain from not filing its tax returns, it may still intentionally disregard that duty.  Even with both of these factors satisfied, American Vending still does not show how it made a mistake in 1998.  Therefore, it has not raised a genuine issue of material fact that can allow it to survive summary judgment.

**CONCLUSION**

Because American Vending has failed to allege any specific facts showing it made a mistake when it chose not to file its Form W-2s in 1998, the United States' motion for summary judgment should be granted.

Date: June 2, 2008

Respectfully submitted,

*/s/ Ari Kunofsky*
ARI D. KUNOFSKY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 353-9187
Email: Ari.D.Kunofsky@usdoj.gov

OF COUNSEL:

ROD J. ROSENSTEIN
United States Attorney